UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CANNABIS SCIENCE, INC., )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>MOHAMMAD ISAM AFANEH, RPH, )<br>)<br>Defendant. )<br>) | Case No.: 2:13-cv-00114-GMN-CWH<br><br>**ORDER** |

Before the Court is Plaintiff Cannabis Science, Inc.'s Ex Parte Emergency Motion for Temporary Restraining Order (ECF No. 4), filed contemporaneously with its Complaint (ECF No. 1) on January 22, 2013.

I.     **BACKGROUND**

Plaintiff is a Nevada Corporation with its principal offices in Colorado Springs, Colorado, and is "in the business of manufacturing, marketing and distributing legal cannabis/hemp products worldwide." (*See* Compl., ECF No. 1; Management Agreement, Ex. B to Mot. TRO, ECF No. 4.)  Plaintiff alleges that Defendant Mohammad Isam Afaneh, RPh, "is a United States citizen who was domiciled in the State of Florida," and has directed its Summons to Defendant's Florida address. (Compl., ECF No. 1.)

Plaintiff's six causes of action arise out of a business arrangement between the parties in which Defendant was contracted to serve as Plaintiff's Chief Operating Officer ("COO") and to receive shares of Plaintiff's common stock: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) common law fraud; (5) constructive fraud; and (6) replevin. (Compl., ECF No. 1; Management Agreement, Ex. B & Management Bonus Agreement, Ex. E to Mot. TRO, ECF No. 4.)

With the instant motion, Plaintiff requests that the Court issue a temporary restraining order prohibiting Defendant from transferring or registering the shares of Plaintiff's common stock previously issued to Defendant pursuant to the parties' Management Bonus Agreement (Ex. E to Mot. TRO, ECF No. 4-1).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming

the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l. Molders' & Allied Workers' Local Union No. 164*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

## III.     DISCUSSION

In an eleven-line paragraph, Plaintiff argues that "Plaintiff has a significant chance of success on the merits." (Mot. TRO, 8:3-13, ECF No. 4.)  However, Plaintiff provides no legal support for this argument, and merely summarizes the allegations from the Complaint.  The Complaint itself is vague as to the circumstances from which the causes of action arise, and appears to refer to documents that have only been provided to the Court as exhibits to the instant motion.

As discussed below, Plaintiff has failed to show a strong likelihood of success on the merits or serious questions going to the merits.  Accordingly, Plaintiff has not shown that it is entitled to the requested relief, and the motion must be denied.

**Breach of Contract**

In Nevada, to succeed on a claim for breach of contract a plaintiff must show: (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement").  Here, Plaintiff has provided only an excerpt of the Management Agreement, and a copy of the Management Bonus Agreement that is unsigned by Defendant. (*See* Management Agreement, Ex. B, Management

Bonus Agreement, Ex. E to Mot. TRO, ECF No. 4.)  Accordingly, it is unclear whether Plaintiff has a likelihood of success on the merits of this claim, and whether recovery of the shares is a remedy to which Plaintiff is entitled upon success on the merits.

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

To succeed on a claim for breach of the covenant of good faith and fair dealing, Plaintiff must show that: (1) Plaintiff and Defendant were parties to an agreement; (2) Defendant owed a duty of good faith to the Plaintiff; (3) Defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (per curiam).  In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol. Generator–Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998) (per curiam), and a plaintiff may assert a claim for its breach if the defendant "deliberately countervenes the intention and spirit of the contract," *Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).  Here, as discussed above, Plaintiff has provided insufficient basis for the Court to find a likelihood of success on the merits of this claim, particularly where the validity and the terms of the contracts are unclear.

**Unjust Enrichment**

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  Thus the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id*.  Here, since Plaintiff appears to base the claims on two written contracts, the Court cannot find that Plaintiff has shown a likelihood of success on the merits of

Bonus Agreement, Ex. E to Mot. TRO, ECF No. 4.)  Accordingly, it is unclear whether Plaintiff has a likelihood of success on the merits of this claim, and whether recovery of the shares is a remedy to which Plaintiff is entitled upon success on the merits.

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

To succeed on a claim for breach of the covenant of good faith and fair dealing, Plaintiff must show that: (1) Plaintiff and Defendant were parties to an agreement; (2) Defendant owed a duty of good faith to the Plaintiff; (3) Defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (per curiam).  In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol. Generator–Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998) (per curiam), and a plaintiff may assert a claim for its breach if the defendant "deliberately countervenes the intention and spirit of the contract," *Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).  Here, as discussed above, Plaintiff has provided insufficient basis for the Court to find a likelihood of success on the merits of this claim, particularly where the validity and the terms of the contracts are unclear.

**Unjust Enrichment**

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  Thus the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id*.  Here, since Plaintiff appears to base the claims on two written contracts, the Court cannot find that Plaintiff has shown a likelihood of success on the merits of

this cause of action.

**Fraud**

To succeed on a claim for fraud or intentional misrepresentation, a plaintiff must show: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). Furthermore, a claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam). Here, the Court cannot find that Plaintiff has shown a likelihood of success on this cause of action since the circumstances of Defendant's alleged fraud are incompletely and vaguely alleged in the Complaint.

**Replevin**

"Replevin" is "[a]n action for the repossession of personal property wrongfully taken or detained by the defendant, whereby the plaintiff gives security for and holds the property until the court decides who owns it." Black's Law Dictionary 1413 (9th ed. 2009). In Nevada, replevin is governed by Section 17.120 of Nevada Revised Statutes. Plaintiff states no other legal basis for his claim for replevin. Accordingly, and as discussed above, the Court cannot find that Plaintiff has shown a likelihood of success on the merits of this cause of action.

Here, Plaintiff has not demonstrated a likelihood of success or serious questions going to the merits on these causes of action. Furthermore, Plaintiff's attorney has not submitted written certification stating "any efforts made to give notice and the reasons why it should not be required" pursuant to Federal Rule of Civil Procedure 65(b)(1)(B). Plaintiff has also failed to provide "specific facts in an affidavit or a verified complaint [that] clearly show that immediate

and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A).  Accordingly, this Court may not issue a temporary restraining order without written or oral notice to Defendant.  For these reasons and because Plaintiff has failed to make a clear showing of entitlement to the requested relief, the motion will be denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Emergency Motion for Temporary Restraining Order (ECF No. 4) is **DENIED**.

**DATED** this 23rd day of January, 2013.

_____
Gloria M. Navarro
United States District Judge